IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 654 HEALTH AND WELFARE FUND, ET AL, | : : : : : | CIVIL ACTION |
| v. | : : | |
| INDUSTRIAL VALUE CONTROLS, INC. d/b/a IVC, INC. | : : | NO. 09-5840 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE[1]

Presently before the court is Plaintiffs' motion (Doc. 15) asking that judgment be entered in the amount found due and owing as a result of a court-ordered audit, to which Defendant has not filed a response. For the reasons that follow, I will grant Plaintiffs' uncontested motion for a court order in the amount found due and owing as a result of the audit, and enter final judgment on behalf of Plaintiffs and against Defendant for the requested amount of $45,645.34.

**I.     FACTS AND PROCEDURAL HISTORY**[2]

Plaintiffs International Brotherhood of Electrical Workers Local Union No. 654 Health and Welfare Fund ("Local 654"), et al. (collectively "Plaintiffs"), brought suit

---

[1]This case was originally assigned to the Honorable William H. Yohn, who referred it to the undersigned upon the consent of the parties. See Doc. 7.

[2]The facts and procedural history are more fully set forth in my memorandum and order granting in part Plaintiffs' motion for summary judgment. See Doc. 14 at 2-7.

against Defendant Industrial Valley Controls, Inc. ("IVC" or "Defendant"), alleging IVC was a party to a collective bargaining agreement ("CBA") with Local 654 from 1997 to the present. Plaintiffs' suit requested that the court compel IVC to submit to an audit of its accounting and employment records, and seeking payment of any amount found due and owing after the audit, as well as costs, fees and any damages provided by the applicable CBA's and/or the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"). See Doc. 1 at ¶ 11.

By memorandum and order dated October 20, 2010, I granted Plaintiff's motion for summary judgment as to its right to conduct an audit of Defendant, concluding that Defendant had not effectively terminated its collective bargaining relationship with Local 654, and that Plaintiffs were entitled to audit Defendant pursuant to the CBA. See Doc. 14 at 8-16. I ordered Defendant to submit within thirty days to an audit by an auditor appointed by Plaintiffs, required Plaintiffs to move within sixty days of the order for any amount found due and owing as well as fees and costs associated with the litigation, and gave Defendant thirty days thereafter in which to file a response. See id. at 16-17.

On November 17, 2010, certified public accountants Novak Francella, LLC ("Novak"), conducted an audit covering the period January 1, 2006, through November 16, 2010.[3] See Payroll Compliance Review Report ("Audit Report") attached to Doc. 15

---

[3]As explained in my memorandum and order addressing Plaintiffs' motion for summary judgment, Plaintiffs, through counsel, had sought to audit Defendant's records from a start date of January 1, 2006, and Defendant refused on the grounds that it had not

2

at Exh. 1. Novak found that Defendant owed a total contribution of $45,645.34, based upon work done by twenty-four employees working for IVC and three associated entities. See id. at 2. On December 17, 2010, Plaintiffs timely filed the present motion for a court order for judgment in that amount. See Doc. 15. The thirty-day response deadline has expired without any response from Defendant.

## II. DISCUSSION

Initially, I accept the Audit Report insofar as it identifies employees who performed work for the named entities and calculates the contribution amounts that would be due under the CBA for each employees' work within the relevant time period. The numbers do not appear to include any interest or other additions to the contribution amounts. The Audit Report represents that it is intended for the parties only, and also notes that it was based on review of payroll records only and did not involve review of any financial statements. See Audit Report at cover letter. Nevertheless, in the absence of any opposition from Defendant, I find no basis to question the information presented in the Audit Report or the calculations performed under the applicable CBA.

The only question to be determined is whether Defendant is liable for contributions for the work of the employees of all four entities, or just Defendant IVC itself. The Third Circuit has held that "[a] 'single employer' relationship exists where . . . nominally

---

employed a union worker since 2001. See Doc. 14 at 6. Therefore, the period covered by the Novak audit is appropriate.

separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a 'single employer.'" NLRB v. Browning-Ferris Indus. of Pa., 691 F.2d 1117, 1122 (1982); see also Bricklayers & Allied Craftworkers Local 2 v. C.G. Yantch, Inc., 316 F. Supp.2d 130, 143 (N.D.N.Y.) ("Where two companies are nominally distinct but actually act as a 'single integrated enterprise,' they are considered a single employer and each is bound by the obligations of any collective bargaining agreement signed by the other.") (citing Lihli Fashions Corp. v. NLRB, 80 F.3d 743, 747 (2d Cir. 1996)). A determination of 'single employer' status depends on the totality of the circumstances, for which the Third Circuit has identified four factors to consider: (1) functional integration of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership. Browning-Ferris, 691 F.2d at 1122 (citing Radio & Television Broad. Technicians Local Union 1264 v. Broadcast Serv. of Mobile, Inc. 380 U.S. 255, 256 (1965)).

The four entities included in the audit are IVC, Industrial Valley Design, Inc., Water Pure Co., and Precision Balancing Inc. Plaintiffs' motion states that the audit reviewed "businesses made known to it to by Mr. Brian Rekos ("Rekos") [President of IVC] and their accountant's own study." See Doc. 15 at 2. This statement is ambiguous as to how the auditor identified other employers associated with Defendant IVC, although it suggests that IVC's own records contained the records of the other employers. The Audit Report states that it was based on a review of employer payroll records, which were

4

limited to records made available by the employer.  See Audit Report at cover letter.  It also states that the review was conducted at IVC's office at 395 Circle of Progress Dr., Pottstown, PA 19464, in the presence of Mr. Rekos.  Id. at 1.  While some questions remain as to how the other entities were identified, all indications are that their records were contained in IVC's own business offices.  Again, in the absence of any response from IVC, I find no basis to question the auditor's reliance on these records as coming from IVC's own records.

Plaintiffs assert that Rekos is either shareholder or owner of each of the entities, citing the audit for support.  See Doc. 15 at 2.  However, the Audit Report does not appear to contain a statement to this effect, other than its conclusion that the entities are one for purposes of Defendants' liability for contributions.  Plaintiffs attach an affidavit detailing Pennsylvania Department of State website and internet searches for the four entities identified in the audit, and the searches reveal as follows:

1. IVC - PA registered office at 125 E. Lafayette St., Norristown, President identified as Edwin Plotts.  (As noted, other information in the record identifies the President of IVC as Brian Rekos.  For example, Mr. Rekos signed the letter purportedly withdrawing IVC from the contracts at issue.)

2. No registered PA information for Industrial Valley Design Inc.  Website for IVD Inc. identifies Brian Rekos as President and owner, and business address of 395 Circle of Progress, Pottstown, PA.

3. Water Pure Co. - PA registered office at 300 Old Reading Pike, Stowe, President identified as John E. Fontana, Jr.  Water Pure Group website identifies address of 301 Circle of Progress, Pottstown, and identifies contact as brekos@waterpuregroup.com.

5

4. Precision Balancing, Inc. - PA registered office at 301 Circle of Progress, Pottstown, PA, President identified as Brian Rekos at same address.

See Doc. 15 at Exhs. B-G.

In addition, the Audit Report itself shows that most of the contributions are due from IVC employees, and that there is some overlaps of employees among the business entities. Of the twenty-four employees identified in the audit, the vast majority worked for IVC alone, and two worked for IVC and one of the other entities. Just two worked only for an entity other than IVC. Finally, the Audit Report indicates that most of the contributions were derived from wages paid in cash.[4]

This evidence does not necessarily establish with certainty that these entities constitute a single employer, and perhaps could be rebutted by contrary evidence or argument. However, in the absence of any opposition, the evidence provided is sufficient to support the conclusion that Plaintiffs have met their burden to show that the entities are a single employer and that contributions are due and owing from all four.

---

[4]The audit contains two categories of payroll, labeled B and C. The C contributions are described as "due for individuals who received wages paid through cash disbursement journal" under check register entries for the four entities. See Audit Report. The C contributions attributable to IVC total $28,299.71, and the other three entities total $6,617.83 (Industrial Valley Design Inc. - $6,049.21; Water Pure Co. - $170.60; Precision Balancing Inc. - $398.02). The B contributions "are due on all employees performing covered work." Id. These contributions total $10,727.80. Just four employees are in this category, one of whom also received cash wages from IVC. Plaintiffs' motion and audit assume that these employees worked for IVC. Taken together, the IVC contributions due from both categories B and C total $39,027.51.

Under the circumstances, and in the absence of any evidence to the contrary, I conclude that the four business entities constitute a single employer, that the CBA applied to all four entities, and that Plaintiffs are therefore entitled to the full amount of $45,645.34, found due and owing as a result of the audit.

III. **CONCLUSION**

Consistent with my memorandum and order granting in part Plaintiffs' motion for summary judgment, Plaintiffs conducted an audit of Defendant and timely filed the present motion for the amount found due and owing as a result of the audit. Defendant did not respond to the present motion. Based upon the uncontested averments made by Plaintiffs, and finding no basis upon which to disagree, I conclude that Plaintiffs are entitled to the full amount requested. Therefore, I will grant Plaintiffs' uncontested motion for a court order in the amount found due and owing as a result of the audit, and enter final judgment on behalf of Plaintiffs and against Defendant for the requested amount of $45,645.34. An appropriate Order follows.